```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

MARGARET BETTS,

                         Plaintiff,
                                                   MEMORANDUM AND ORDER
           - against -
                                                   20 Civ. 4772 (NRB)
SIXTY LOWER EAST SIDE, LLC, SIXTY HOTELS,
LLC, and SIXTY HOTEL MANAGER, LLC,

                         Defendants.

----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

This case arises from the alleged sexual assault of plaintiff Margaret Betts ("plaintiff" or "Betts") by a massage therapist during plaintiff's in-room massage appointment at Sixty LES hotel (the "hotel"), owned and managed by Sixty Lower East Side, LLC, Sixty Hotels, LLC, and Sixty Hotel Manager, LLC, (together the "defendants") on October 19, 2018.  On August 24, 2023, this Court resolved issues of liability, finding that defendants' conduct (1) constituted negligence per se under New York Education Law § 7802 ("Section 7802") and (2) proximately caused plaintiff's injuries by allowing plaintiff's massage to be conducted by an unregistered massage therapist who was not then authorized to practice massage therapy in New York.  See Betts v. Sixty Lower E. Side, LLC, No. 20 Civ. 4772 (NRB), 2023 WL 5352334, at *13 (S.D.N.Y. Aug. 21, 2023), appeal withdrawn, No. 23-1289, 2024 WL 1152438 (2d Cir.

1

Jan. 22, 2024) ("August 2023 Opinion").[1]  Defendants request certification of an interlocutory appeal of that decision.[2]  See ECF No. 90.  Plaintiff opposes defendants' request.  See ECF No. 94.  Having reviewed the parties' letters dated January 17 and January 19, 2024, the Court denies defendants' request because they have not met the high burden for an interlocutory appeal.[3]

## DISCUSSION

Under 28 U.S.C. § 1292(b), "a district court can certify a question for interlocutory appeal if the issue involves a controlling question of law as to which there is substantial ground for difference of opinion and if an immediate appeal from the order may materially advance the ultimate termination of the litigation."  Murray v. Metro. Life Ins. Co., 583 F.3d 173, 176 (2d Cir. 2009) (alterations and internal quotation marks omitted).  It is well recognized that interlocutory review is "a rare exception to the final judgment rule that generally prohibits piecemeal appeals," and is "reserved for those cases where an

---

[1] For purposes of this Memorandum and Order, the Court assumes familiarity with its prior decision, including the factual background described therein.
[2] On September 19, 2023, defendants filed a notice of appeal of the August 2023 Opinion.  See ECF No. 76.  During a November 7, 2023 conference, the Court noted that an interlocutory appeal would need to be certified by the Court.  The defendants' then-pending appeal was addressed again during the Court's January 16, 2024 conference.  On January 17, 2024, defendants filed a letter brief requesting an interlocutory appeal, ECF No. 90, and two days later informed the Court that the pending appeal was withdrawn "[i]n light of the current application seeking leave to appeal," ECF No. 95; see also ECF No. 96, January 22, 2024 Mandate of the United States Court of Appeals for the Second Circuit.
[3] Given the arguments raised in the parties' letters, the Court will resolve the instant dispute based on the letter briefs.

2

intermediate appeal may avoid protracted litigation." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865-66 (2d Cir. 1996) (citation omitted); see also In re Teva Sec. Litig., No. 17 Civ. 558 (SRU), 2021 WL 1197805, at *7 (D. Conn. Mar. 30, 2021) ("The party that seeks certification under section 1292(b) bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted.") (citation omitted). In short, defendants bear an extraordinary burden to justify a request for interlocutory appeal, which is simply not met here.

The only possible controlling question of law that might be considered for an interlocutory appeal is whether, pursuant to Section 7802, defendants can be found negligent per se for allowing an unregistered massage therapist to perform plaintiff's massage. Defendants have not shown that a substantial ground for difference of opinion exists or even that there is contrary authority to this Court's ruling. Instead, defendants simply repeat the same arguments initially presented on the summary judgment motion, namely, that they did not violate Section 7802 by allowing the unregistered massage therapist, who was not authorized to practice massage therapy in New York, to perform plaintiff's massage because a license for a massage therapist is "for life." ECF No. 90 at 4. The Court explicitly addressed, and rejected, this argument in the August 2023 Opinion, noting that while "[a] license is issued for life," New York also requires that "those who are licensed must

3

register every three years to continue in active practice" and "permitting the practice of massage therapy by someone who is licensed but not registered to practice would clearly frustrate the legislative intent of Section 7802." August 2023 Opinion at *7 (emphasis in original). While the Court's application of the New York Education law may have been novel, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." Murray v. UBS Sec., LLC, No. 12 Civ. 5914 (KPF), 2014 WL 1316472, at *6 (S.D.N.Y. Apr. 1, 2014) (quoting Flor v. BOT Fin. Corp. (In re Flor), 79 F.3d 281, 284 (2d Cir. 1996)). In addition, a reversal of the August 2023 Opinion by the Second Circuit would not materially advance the ultimate termination of the litigation, as issues of liability would remain, albeit under a different standard, for resolution at trial.

## CONCLUSION

Accordingly, the Court denies defendants' motion. The Clerk of Court is respectfully instructed to terminate the motions pending at ECF Nos. 90, 104-108, and 110-111.

**SO ORDERED.**

Dated:   June 24, 2024
         New York, New York

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE