

# Sobel Pevzner, LLC

NEW YORK ♦ NEW JERSEY ♦ PENNSYLVANIA

**CURTIS SOBEL, ESQ.**
464 New York Avenue, Suite 100
Huntington, NY 11743
Tel (631) 549-4677 – Ext. 209
Fax (631) 549-0826
CSobel@SobelPevzner.com

*New York City Office*
30 Vesey Street, 8th Floor
New York, NY 10007
Tel (212) 216-0020
Fax (646) 688-3646

June 27, 2024

**VIA ECF**

Hon. Naomi Reice Buchwald
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *Betts v. Sixty Lower East Side, LLC, Sixty Hotels, LLC and Sixty Hotel Manager, LLC*
            Case No.: 1:20-cv-04772 (NRB)
            File No.: H-14394

Dear Hon. Buchwald:

    Please accept this letter as Defendants' status report with respect to the independent medical/psychiatric evaluation (IME) of the plaintiff. As directed by your Honor, the evaluation took place in-person in New Jersey on Thursday, June 20, 2024. For ease and convenience for both parties, the evaluation was scheduled and held in a private conference room at a location close to the Newark Liberty International Airport. The plaintiff was accompanied by her boyfriend, "John" who remained outside the conference room during the evaluation. However, as will be set forth more fully herein, he was part of an ongoing pattern of interference directed by Plaintiff's counsel, notwithstanding the specific prohibitions expressed by the Court during our prior conference and in the Order of May 24, 2024.

    The Court is respectfully advised that immediately following the completion of the examination of the Plaintiff by the Defense expert, I was contacted and provided with sufficient information confirming that the Plaintiff's counsel significantly interfered with the conduct of the examination despite this Court's Order of May 24, 2024.



**SOBEL PEVZNER, LLC**
NEW YORK ♦ NEW JERSEY ♦ PENNSYLVANIA

Re: *Betts v. Sixty Lower East Side, LLC, et al.*
Case No.: 1:20-cv-04772 (NRB)

P a g e | 2

During the initial phase of the examination, the Plaintiff related to the Defense expert that she had been specifically instructed by Plaintiff's counsel to interrupt the examination every fifteen (15) minutes, leave the examination room and report to her boyfriend, "John," who was waiting outside the room with updated information to be relayed to Mr. Napoli's office. It is further confirmed that the Plaintiff did in fact interrupt the examination on multiple occasions to follow Mr. Napoli's directive resulting in ongoing interference with and disruption of the examination.

Additionally, at the expiration of the seven (7) hour time frame set forth in the Court's Order, the Plaintiff's boyfriend abruptly entered the examination room terminated the examination, clearly not taking into account the delays caused by the ongoing interference by Plaintiff's counsel as stated above.

The Plaintiff further related to the Defense expert at the commencement of the examination, that she had not taken medication prescribed for her severe ADHD and asked repeatedly if she could reschedule the examination. At one point, the Plaintiff contacted her attorneys and was advised that she could not do so; however, her failure, be it intentional or not, to take her medication, caused Plaintiff to repeat this request several times during the examination.

As is customary in examinations of this type, the Plaintiff was asked to list her current medications; however, she could not recall her medications due to the fact that she had not taken her required ADHD medication. As a result, following the examination, the plaintiff emailed the Defense expert on two occasions and her emails are attached hereto for the Court's reference and exchange with Plaintiff's counsel. In one of the emails, the Plaintiff relates sixteen (16) complaints which she clearly relates to the event in issue in this suit but as clearly, did not do so during the original seven (7) hour examination. However, in neither email does the Plaintiff provide the information which the abrupt termination of the examination by her boyfriend and her failure to take prescribed medication prevented the Defense expert from obtaining.

It is respectfully submitted that the Plaintiff's counsel, despite the Court's clear direction, intentionally interfered with the conduct of the IME by instructing his client to leave the examination every fifteen (15) minutes so updated reports could be conveyed by her boyfriend, "John" to inform Plaintiff's counsel, and then abruptly terminating the examination.



**SOBEL PEVZNER, LLC**
NEW YORK ♦ NEW JERSEY ♦ PENNSYLVANIA

Re: *Betts v. Sixty Lower East Side, LLC, et al.*
Case No.: 1:20-cv-04772 (NRB)

Page | 3

Accordingly, it is respectfully requested that the Defense be given additional time to conduct the IME and that such continued examination be conducted by telehealth or as requested by the Plaintiff herself, in the State of Georgia.

Further, in light of the Plaintiff counsel's clear and fragrant violation of the Order of this Court, the Defendants request that sanctions be imposed including but not limited to the additional cost of the further examination.

Additionally, it is respectfully requested that the Defense be given greater latitude during the further deposition of the Plaintiff to obtain information that the interference prevented Ms. Betts from conveying to the Defense expert during the initial IME time frame.

Thank you for your consideration and courtesies in this regard.

Respectfully submitted,

SOBEL PEVZNER, LLC

*Curtis Sobel*
CURTIS SOBEL

CS:lml
Enclosures

cc: Napoli Shkolnik PLLC *(Via ECF)*

This matter was resolved during an in-person conference on September 26, 2024. The Clerk of Court is respectfully requested to terminate the motions pending at ECF Nos. 114, 121, 123, and 125. **So ordered.**

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated: October 21, 2024
New York, New York

---- On Fri, 21 Jun 2024 09:50:04 -0400 **Maggie Betts <mhbetts1@me.com>** wrote ---

Dear Dr. Medlin,
It was very nice to meet you especially under the circumstances. I had a list of examples, I believe (although I could be off a bit) that I kept forgetting to give you. And if it is still okay I'd like to make sure I get the them to you as you were so gracious about it.
A. list different ways specific event had affected my life- long term examples
I think that's it if there is anything else please let me know.
I wanted to give my lawyers one more day of less paperwork so I am simply sending this email to you with the knowledge that as a forensic psychologist you do not have privilege. If this is wildly incorrect I can resend it and cc whomever
I closed my eyes in car and next time I opened them I was in Pennsylvania 4 hrs away at another motel. Feeling fantastic. And so much clearer and embarrassed about my behavior which while not meant to be is rude.
Anyhoo.
Still am not crazy about hotels better with John there and got 6 hrs. Which is the big high for the week and brings my avg number of sleeping hrs out of its horrifying lower lier.
Could have would have should have
Warn regards.
Margaret "maggie"betts

Sent from my iPhone


---- On Tue, 25 Jun 2024 15:55:59 -0400 **Maggie Betts <mhbetts1@me.com>** wrote ---

1. Ability to work
2. Freely interact with other people
3. avoidant of other people
4. Fear of hotels
5. Catastrophic thinking
6. Started taking different medication- prazosin, auvelity,
7. major back spasms when under stress that were new
8. Hypervigilant
8 fear of anyone touching me, dentist, doctor etc.
9. Fear of sleep.
10. Nightmares
11. Flashbacks
12. Lack of any energy, motivation
13. Stopped going to yoga, stopped teaching yoga.. fear of flashbacks during classes
14. Intrusive thoughts about the incident
15. Unwillingness to engage in social situations
16. Notable lack of self work as well as confidence.

Sent from my iPhone