UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
MARGARET BETTS,

        Plaintiff,

    - against –

SIXTY LOWER EAST SIDE, LLC,
SIXTY HOTELS, LLC, and SIXTY
HOTEL MANAGER, LLC,

        Defendants.

------------------------------X

**MEMORANDUM AND ORDER**
20 Civ. 4772 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Following an exchange of letters between counsel concerning the applicability of CPLR §§ 1601-03, ECF Nos. 176, 177, the Court, by letter dated June 30, 2025, ECF No. 178, directed the "parties to submit briefs – supported by case citations – addressing, on the facts of this case, whether there is existing and sufficient evidence to support a reliance by plaintiff on the proviso of Section 1601[1] [N.Y. C.P.L.R. § 1601 ("§

---

[1] Section 1601 addresses the "Limited Liability of Persons Jointly Liable," and the key provisions for the purposes of this case state: "[W]hen a verdict or decision in an action or claim for personal injury is determined in favor of a claimant in an action involving two or more tortfeasors jointly liable or in a claim against the state and the liability of a defendant is found to be fifty percent or less of the total liability assigned to all persons liable, the liability of such defendant to the claimant for non-economic loss shall not exceed that defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss; provided, however that the culpable conduct of any person not a party to the action shall not be considered in determining any equitable share herein if the claimant proves that with due diligence he or she was unable to obtain jurisdiction over such person in said action. . . ." N.Y. C.P.L.R. § 1601(1).

1601")] and whether any of the exceptions to § 1601 set forth in § 1602 are applicable here," id. at 1.  As directed, counsel filed memoranda of law on July 2, 2025.  ECF Nos. 180-83.  Plaintiff's counsel also filed an additional letter today.  ECF No. 185.  In the context of this case, §§ 1601-03 are of critical importance as they relate to the forthcoming damages trial scheduled to commence on July 14, 2025.  This is because plaintiff only sued the entities related to the hotel at which the underlying event occurred[2] and chose not to sue Iuori Astakhov ("Yuri"), plaintiff's alleged assailant.  Thus, defendants' successful invocation of § 1601 would permit the jury to consider and apportion fault between the hotel and Yuri, which may well impact both defendants' share of total damages and plaintiff's recovery.

Before further discussion, it is necessary to first review the holdings in the Court's August 21, 2023 Memorandum and Order, which addressed cross motions for summary judgment.  See Betts v. Sixty Lower E. Side, LLC, 20 Civ. 4772 (NRB), 2023 WL 5352334 (S.D.N.Y. Aug. 21, 2023) ("Liability Opinion"), appeal withdrawn, No. 23-1289, 2024 WL 1152438 (2d Cir. Jan. 22, 2024),

---

[2]    The defendants in this case include Sixty Lower East Side, LLC; Sixty Hotels, LLC; and Sixty Hotel Manager, LLC (collectively, "defendants" or "the hotel").  ECF No. 1 ("Compl.").

and <u>motion to certify appeal denied</u>, No. 20 Civ. 4772 (NRB),
2024 WL 3104323 (S.D.N.Y. June 24, 2024).  The Court granted
plaintiff's motion in part, finding that: (1) defendants had
violated New York's Education Law § 7802, which constituted
negligence per se due to the hotel's failure to verify, as
required by § 7802, that Yuri was authorized to perform massage
therapy prior to engaging him to perform plaintiff's
massage,[3] and (2) this violation was the proximate cause of
plaintiff's injuries.  <u>Id.</u> at *8-11.  However, the Court denied
plaintiff's motion for summary judgment to the extent plaintiff
asserted that defendants violated New York Education Law §
6512(2).[4]  <u>Id.</u> at *11.

Turning to defendants' cross motion for summary judgment on
liability, the Court agreed with defendants' three basic points,

---

[3]    Section 7802 provides: "Only a person licensed or authorized pursuant
to this chapter shall practice massage therapy and only a person licensed
under this article shall use the title 'masseur,' 'masseuse' or 'massage
therapist.'  No person, firm, partnership or corporation claiming to be
engaged in the practice of massage or massage therapy shall in any manner
describe, advertise, or place any advertisement for services as defined in
section seventy-eight hundred one of this article unless such services are
performed by a person licensed or authorized pursuant to this chapter."  N.Y.
Education Law § 7802.

[4]    Section 6512(2) states:  "Anyone who knowingly aids or abets three or
more unlicensed persons to practice a profession or employs or holds such
unlicensed persons out as being able to practice in any profession in which a
license is a prerequisite to the practice of the acts, or who knowingly aids
or abets three or more persons to practice any profession as exempt persons
during the time when the professional licenses of such persons are suspended,
revoked or annulled, shall be guilty of a class E felony."  N.Y. Education
Law § 6512(2).

-3-

including that (i) "defendants cannot be held liable on a respondent superior theory; (ii) defendants cannot be held liable under a negligent supervision or retention theory; and (iii) there is no common law duty to conduct background checks of employees or independent contractors before engaging them."  Id.

Plaintiff's counsel's recent submissions, ECF Nos. 181, 185, did not even attempt to rely on the proviso in § 1601,[5] namely whether plaintiff was "unable to obtain jurisdiction over" Yuri.  Rather, plaintiff seeks to rely on the exception in subsection (7) providing that § 1601 does "not apply to any person held liable for causing claimant's injury by having acted with reckless disregard for the safety of others."  N.Y. C.P.L.R. § 1602(7).  In the context of this case, the "person" would have to be the defendant hotel.  Plaintiff's effort to invoke the recklessness exception in § 1602(7) turns on: (1) the Court's use of the word "reckless" in dicta in its August 21, 2023 Order in rejecting plaintiff's claim that defendants also violated New York Education Law § 6512, see Liability Opinion at *11; and (2) the presence of the word

---

[5]    See supra at n.1.

-4-

"reckless" in paragraph 6 of plaintiff's complaint, ECF No. 1 ¶ 6.

To put in context plaintiff's reference to the Court's use of the word "reckless" in its August 21, 2023 Order, we quote the entire paragraph discussing plaintiff's inability to satisfy the "knowingly" requirement of § 6512:

> With respect to the knowledge requirement, plaintiff has presented no evidence that defendants knew that Astakhov or any of the other massage therapists it used were not authorized to practice massage therapy in New York. At best, plaintiff has shown that the hotel routinely failed to verify that the massage therapists it used were authorized to practice massage therapy in New York. Plaintiff has not established that such reckless conduct satisfies Section 6512(2)'s knowledge requirement.

> See Liability Opinion at *11.

Even more significant to the characterization of defendants' conduct is the fact that the Court found that plaintiff had failed to establish negligence liability on theories of respondent superior liability, negligent supervision, and a common law duty to conduct background checks. Id. *11-13. Those holdings were based on the undisputed record that "plaintiff has presented no evidence that Astakhov had committed any criminal act prior to October 19, 2018, or that the hotel had received any complaints about him in the past." Id. at *13 (internal citations and marks

omitted).  Having found on the undisputed facts that the
complaint did not state a negligence claim, plaintiff cannot now
rely on a recklessness theory, which would require proof of a
higher level of intentionality.  Stated otherwise, absent the
Court's finding that the hotel had violated Education Law §
7802, defendants' motion for summary judgment on common law
negligence would have been granted.

Moreover, the Court was well aware of the difference
between a finding of negligence per se based on a statutory
violation and a common law negligence analysis and addressed it
in footnote 16, which reads as follows:

> To be clear, the Court's previous finding -- that the
> hotel's violation of New York Education Law § 7802
> proximately caused plaintiff's injuries -- does not
> conflict with the present finding -- that plaintiff
> has not presented any evidence that Astakhov had a
> propensity to commit sexual assault.  Given that there
> is no common law requirement to institute specific
> hiring procedures absent a showing of past wrongdoing
> by a prospective employee, the present inquiry focuses
> on whether evidence has been presented of past
> misconduct by Astakhov.  The Court's prior proximate
> cause analysis, which was based on the hotel's
> violation of New York Education Law § 7802, did not
> turn on such evidence.
>
> Id. at *13 n.16.

While plaintiff has not attempted to argue that "negligence
per se" is the equivalent of "recklessness" for the purposes of
the § 1602(7) exception to § 1601, the Court's independent

research leads to the conclusion that any such attempt would be futile.

Furthermore, § 1603 places the burden on the party seeking to invoke one of the exemptions provided for in § 1601 and/or § 1602 to prove their applicability by a preponderance of the evidence.  Plaintiff's "eve-of-trial" efforts by letter of July 7, 2025, ECF No. 185, to deem the reference in the complaint to "reckless disregard" as sufficient to invoke the exception in § 1602(7), or to deem the complaint so amended, or to seek leave to amend a five-year-old complaint are untimely and futile for the reasons set out above.  Cole v. Mandell Food Stores, Inc., 93 N.Y.2d 34, 38-39 (1999) (emphasizing that plaintiff was precluded from relying on § 1602 where plaintiff "never pleaded an exception to CPLR 1601 as required by CPLR 1603," and where "plaintiff failed to amend his pleadings during the course of the action").

Nor is there any unfairness in permitting defendants to rely on § 1601.  In two separate places in their answer, defendants made explicit their intention to rely on § 1601, namely in their Second and Fifteenth Affirmative Defenses.  ECF No. 17 ¶¶ 21, 34, respectively.  Indeed, in their Second Affirmative Defense, defendants explicitly reference §

1601.  Id. ¶ 21 ("In the event that the plaintiff recovers any judgment against the answering defendants, then the defendants demand that any such judgment be diminished in accordance with Article 16 of the CPLR and more particularly Section 1601 thereof.").  Plaintiff's counsel's failure, at any point during this five-year litigation, to affirmatively take the steps necessary to rely on the proviso in § 1601 or to otherwise address the issue has resulted in the application of § 1601 at trial.

In conclusion, the parties should expect a charge and verdict form consistent with this decision, as well as the Court's decision of August 21, 2023.  Further, the Court draws the defendants' attention to the second sentence of § 1603.


Dated:    July 7, 2025
          New York, New York

                                    _____
                                         NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE