```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X

MARGARET BETTS,

                Plaintiff,              MEMORANDUM AND ORDER
                                         20 Civ. 4772 (NRB)
        - against -

SIXTY LOWER EAST SIDE, LLC,
SIXTY HOTELS, LLC, and SIXTY
HOTEL MANAGER, LLC,

                Defendants.

-------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Following a jury verdict on damages in plaintiff's favor, this Court entered Judgment. ECF No. 206. The Judgment calculated pre-judgment interest at New York's statutory rate of nine percent, N.Y.C.P.L.R. § 5004(a), accruing from this Court's August 21, 2023 liability finding on summary judgment, ECF No. 75, until the entry of the Judgment. On July 23, 2025, defendants filed a letter objecting to the Judgment in two respects. ECF No. 208. First, defendants argue that pre-judgment interest is not appropriate in this case, and second, that any interest should accrue at the federal rate under 28 U.S.C. § 1961 rather than the State rate.[1]

---

[1] Defendants' counsel failed to mention or otherwise acknowledge that this contention is in direct contradiction to the position he took on the record at the conclusion of trial:
>   **THE COURT:** I think counsel don't disagree that there is a nine percent running from the date that I issued the summary judgment opinion; correct? Is that the right date to use?
>   **MR. NAPOLI:** Yes.
>   **MR. SOBEL:** Yes. I believe so. [Cont'd on following page]

Id.  Plaintiffs filed a letter challenging both of defendants' contentions and citing controlling case authority.  ECF No. 207.  Defendants' counsel did not reply.

Simply put, defendants are wrong.  There is on-point precedent rejecting defendants' positions.  First, under N.Y.C.P.L.R. § 5002, interest properly began to accrue when the Court issued its liability finding on August 21, 2023.  Love v. State, 78 N.Y.2d 540, 544 (1991) (Once a defendant is found liable, "the defendant's obligation to pay the plaintiff is established. . . . The fact that damages are not yet liquidated is of no moment."); see also Siegel, Practice Commentaries, N.Y.C.P.L.R. § 5002 (McKinney's 2023) ("[P]ersonal injury damages, are within the mandated scope of post-verdict pre-judgment interest under CPLR 5002, whether the court's determination on the merits [is] . . . a result of summary judgment on liability or a . . . trial.").  Second, the New York interest rate applies since the underlying negligence claim is premised on New York State law.  Adrian v. Town of Yorktown, 620 F.3d 104, 107 (2d Cir. 2010) ("Because th[e] claim was brought under New York State law, and because prejudgment interest is a

---

**THE COURT:** Okay.  Well, I can't think of another date.
**MR. SOBEL:** There wouldn't be.
**THE COURT:** Yeah. So that must be right by the process of elimination.
**MR. SOBEL:** Yeah.

See ECF No. 213 ("Trial Trans. of July 17, 2025") at 409:22-410:8.

matter of substantive law, the New York interest rate applies.").

Thus, the judgment stands as written.


Dated:   July 31, 2025
         New York, New York

                                    _____
                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE